### COHAN v. ELDER et al.

No. 9377.

Circuit Court of Appeals, Ninth Circuit.

June 7, 1940.

John P. Tobin and Arthur J. Manley, both of Los Angeles, Cal., for appellant.

A. L. Hickson and Allan J. Carter, both of Pomona, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, a creditor of appellees, petitioners under § 75, subs. a–r, of the Bankruptcy Act, 11 U.S.C.A. § 203, subs. a–r, for a loan to appellees secured by a trust deed of appellees' citrus orchards, appeals from a decree of the district court of September 28, 1939. The decree modified and amended an extension plan of appellees and denied motions of appellant to dismiss the proceedings and to dissolve an order restraining a sale under the trust deed securing appellant's loan.

A modified extension plan which was confirmed May 24, 1938, provided the court was to retain jurisdiction until. September 27, 1940, over the administration of appellees' properties or until the terms of the proposed plan had been carried out. Under the terms of the plan the appellees were to pay on account of the principal of appellant's loan $1,647 on March 27, 1939, and $2,000 on September 27, 1939. Payment was not made of the first installment and on March 31, 1939, appellant filed his motions to set aside the confirmation of the amended plan of composition, to dismiss the petition and to dissolve the restraining order.

On April 6, 1939, while the motions were pending, appellees filed a petition to postpone for 90 days the payment of the principal sum of $1,647 overdue appellant under the plan and to reduce the rate of interest payable to all creditors to 3½ percent, appellant's loan thereofore having under the plan a 6 percent interest. When the appellees' petition of April 6, 1939, came on to be heard, appellant made a showing that it would be impossible for the appellees to make such a payment within

the 90 days' time and the appellees requested leave to amend the petition asking for the extension of time for the payment of the $1,647. Leave was granted to petition to amend the plan, the order not confining the amendment as to its particulars, and on April 13, 1939, appellees filed an amended petition to extend the time for the payment of the past due principal sum of $1,647, and of the $2,000 due on September 27, 1939, and of interest then due appellant of $634.41 to and including September 27, 1940, the end of the three year period, and for a reduction of the interest rate from 6 to 3½ percent.

Certain issues of fact were referred to a commissioner and the taking of testimony was concluded on April 27, 1939. The commissioner returned the evidence taken and on September 28, 1939, the court filed its findings of fact and conclusions of law and its decree granting the extensions of time for the payment of the several sums to appellant and reducing the interest rate pending the court's administration to 3½ percent, and denying appellant's several motions. This appeal followed.

The appellant contends that appellees' petition was not made in good faith because there was no reasonable likelihood of their rehabilitation and that this was proved by the evidence taken, the last of which was taken before the commissioner on April 27, 1939, that is, 17 months before the termination of the three year period for the plan's consummation. The court found on this evidence "That said debtors [appellees] have a reasonable likelihood of rehabilitating themselves by the fall of 1940."

So far as concerns the payment of the loan of appellant it appears that it was secured by a first lien on two citrus orchards which, prior to a very heavy frost in the year 1937, had yielded a substantial net return in citrus products warranting a valuation of the orchards at greatly in excess of the debt. The frost reduced the production of fruit from a 7,300 average box yield over the preceding six years to 1,099 boxes. In the succeeding year the trees had sufficiently recovered from the frost to yield 4,833 boxes, and it was contended that the yield for the crop of the year at the time of the hearing was 10,000 boxes. There was a year's further crop before the end of the period. The court takes judicial notice that there would be very heavy expenditures necessary to operate citrus orchards in irrigation cost, fertilization, either chemical or through cover crops, spraying, pruning and repeated tillage. It is no evidence of a necessary failure of rehabilitation that there should be no net income in the period of restoration of the trees from a 1,099 box production to a 10,000 box production which, at the time of the hearing, had not been sold even though certain taxes had become delinquent. The property well could be completely restored to a value exceeding any tax liens and appellant's debt in the 17 months still to elapse prior to the conclusion of the three year period. There is no merit in appellant's contention that the court's finding of a reasonable likelihood of rehabilitation is not supported by the evidence.

Appellant claims § 75, subsections a to r, of the National Bankruptcy Act as amended is in violation of the Fifth Amendment because the court has no power to dismiss the debtor's petition in the event it appears that the debtor had no possibility of such financial rehabilitation as is required by subsection i; that is to say, if the debtor cannot in good faith assert such rehabilitation is possible. Hence it is claimed, without the right in the court to dismiss, the proceeding would continue to pend indefinitely, holding the secured creditor from realizing his lien, thus, in effect, taking his property in the lien. As so construed it is contended that the Act is arbitrary, unreasonable and confiscatory and is a moratorium only and in excess of the bankruptcy powers. Appellant further claims that "A court of equity has the inherent right to dismiss a proceeding for bad faith and to protect itself from abuse by one who refuses to obey its orders." citing Wilson v. Alliance Life Ins. Co., 5 Cir., 102 F.2d 365.

He contends John Hancock Ins. Co. v. Bartels, 308 U.S. 180, 184, 60 S.Ct. 221, 223, 84 L.Ed. 176, establishes this proposition in the following language: "The subsections of Section 75 which regulate the procedure in relation to the effort of a farmer-debtor to obtain a composition or extension contain no provision for a dismissal because of the absence of a reasonable probability of the financial rehabilitation of the debtor. Nor is there anything in these subsections which warrants the imputation of lack of good faith to a farmer-debtor because of that plight. * * *"

Appellant misconstrues this language. § 75, a to s, inclusive, is a single proceeding with alternative relief to the debtor. What the court held in the Bartels case is that, where the farmer-debtor seeks relief under subsections a to r, his failure to secure it does not deprive him of his relief under subsection s. The court cannot by a dismissal, because of a failure under a to r, deprive him of his rights under subsection s. This is apparent from the sentence next after the above quoted language from the Bartels case (308 U.S. at pages 184, 185, 60 S.Ct. at page 223, 84 L.Ed. 176): "The plain purpose of Section 75 was to afford relief to such debtors who found themselves in economic distress however severe, by giving them the chance to seek an agreement with their creditors, subsections a to r, and, failing this, to ask for the other relief afforded by subsection s. * * *"

Obviously, if the farmer-debtor does not seek relief under subsection s, after failing to satisfy subsections a to r, his petition may be dismissed.

Appellant contends that subsections k and l are in violation of the Fifth Amendment under the ruling in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L. R. 1106, because they make the confirmed extension proposals or confirmed amended proposals binding on appellant and he is thereby prevented from foreclosing his lien for three years, during which period the taxes may invade the lien and no interest is required to be paid. There is no merit in this contention. Subsection n of § 75 of the subsequent Act providing that "the period of redemption shall be extended or the confirmation of sale withheld for the period necessary for the purpose of carrying out the provisions of this section" 11 U.S.C.A. § 203, sub. n, has been held constitutional. Wright v. Union Central Life Ins. Co., 304 U.S. 502, 516, 58 S.Ct. 1025, 82 L.Ed. 1490.

Appellant next contends that the district court had no jurisdiction to confirm the plan because two creditors had consented to be paid at a later date than the end of the three year period. We are unable to see how this involves any question of jurisdiction. There is no time limit for an extension plan under § 75, subs. a–r nor was there here any prejudice to appellant's secured claim.

Appellant also complains that the court acted beyond its jurisdiction because it granted leave to file a petition for a general amendment of the plan when the appellees had asked leave to file an amendment only to extend the time of payment of the $1,647, while the petition actually filed asked also for the extension of time of payment of the $2,000 and for the payment of past due interest. The court has plenary power in such progressive amendments of the plan as here made. General Orders in Bankruptcy, No. 11, 11 U.S.C.A. following section 53; 28 U.S.C.A. § 777; 11 U. S.C.A. § 203, sub l. Appellant shows no prejudice by the method of amendment and was heard on the issues it presented. There is no merit in appellant's contention.

Appellant urges the court abused its discretion in dropping the rate of interest pending the administration and that 3½ percent is so low as to be confiscatory. There is no merit in this contention in view of the rates of interest commonly charged by such governmental agencies as the Federal Land Bank.

Affirmed.