850

## COHAN v. ELDER et ux.

### No. 9663.

Circuit Court of Appeals, Ninth Circuit.

March 26, 1941.

Writ of Certiorari Denied May 26, 1941.

See 61 S.Ct. 1102, 85 L.Ed. ——.

John P. Tobin and Arthur J. Manley, both of Los Angeles, Cal., for appellant.

Allan J. Carter and A. L. Hickson, both of Pomona, Cal., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from an order denying appellant's motion to set aside an adjudication in bankruptcy under the provisions of sub-section s of section 75 of the bankruptcy act, 11 U.S.C.A. § 203, sub. s.

Appellees are husband and wife. For convenience they will be referred to as the debtor. On August 13, 1937 the debtor filed his petition seeking relief under the conciliation features of § 75. His extension proposal was accepted by the requisite number of his creditors and was confirmed by the court in May, 1938, over the objec-

tion of appellant. The latter is a creditor under a deed of trust of farm property belonging to the debtor. By the terms of the approved proposal the court retained jurisdiction for the purpose of supervision and control. In September, 1939, on application of the debtor, the court modified the extension plan in certain particulars. On appeal its action was affirmed by this court. Cohan v. Elder, 9 Cir., 112 F.2d 967. The antecedent facts are fully stated in that opinion.

On July 3, 1940, the debtor amended his petition, alleging under oath that he felt himself aggrieved by the composition and extension, and asked to be adjudged bankrupt in conformity with the provisions of subsection s. On the same day the conciliation commissioner certified to the court that "said debtor has substantially carried out his commitments under said plan, as amended," and that he was entitled to file the amended petition. The certificate concluded with a recommendation that the debtor be adjudged bankrupt pursuant to the provisions of subsection s. The adjudication followed.

■ Appellant claims that in certain important respects the debtor did not comply with the terms of the composition plan. On the other hand the debtor blames appellant, in part at least, for the difficulties which beset him during the period of the extension. In the view we take of the matter it will be unnecessary to resolve the dispute. The relevant provision of subsection s is that "any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition and/or extension proposal, *or if he feels aggrieved by the composition and/or extension,* may amend his petition or answer, asking to be adjudged a bankrupt." (Emphasis supplied). In the plainest of language this provision extends to the debtor, as of right, the relief given him below. Compare John Hancock Insurance Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L. Ed. 176.

■ Appellant argues that once the composition or extension proposal has been confirmed resort may not be had to subsection s. But the statute does not say that. It says the opposite. The word "aggrieved" as used in the statute is doubtless to be understood in its legal sense, as in the case of a party who is aggrieved by an order made or action taken in a judicial

or administrative proceeding which is binding on him. Congress apparently anticipated that a conciliation plan might prove unworkable upon a trial of it, and therefore provided for an adjudication on petition of the aggrieved debtor notwithstanding the acceptance and confirmation of his own proposal.

■ Appellant says that, after confirmation of the plan, subsection (*l*) of the statute gives the debtor all the relief necessary. Subsection (*l*) provides that "The court may, after hearing and for good cause shown, at any time during the period covered by an extension proposal that has been confirmed by the court, set the same aside, reinstate the case, and modify the terms of the extension proposal." To that extent the subsection does provide relief discretionary with the court, but not the full measure of relief Congress deemed necessary; for in addition to a possible modification of the terms of an extension Congress has granted the debtor the right of being adjudged a bankrupt if he feels aggrieved by the plan. The debtor may resort to either course, or pursue both in sequence as he did in this case.

■ Paragraph 3 of subsection s gives the debtor the right to a discharge "as provided for by this title." Appellant points to the prohibition against granting a discharge, contained in 11 U.S.C.A. § 32, sub. c. (5), where the bankrupt "has within six years prior to bankruptcy * * * had a composition or an arrangement by way of composition * * * confirmed under this title." It is said that the latter provision is inconsistent with the view that the debtor may resort to subsection s after the composition plan has been confirmed. However, paragraph 5 of subsection s provides that "a previous discharge of the debtor under any other section of this title shall not be grounds for denying him the benefits of this section." Thus in respect of the matter of discharge subsection s states its own rule.

■■ Appellant argues, in the alternative, that the court was without jurisdiction to order an adjudication because the amended petition was not made within a reasonable time after confirmation. We see no merit in the argument. The statute says nothing about a reasonable time. The act is to be construed liberally to accord the debtor the full measure of the relief afforded by Congress. Wright v. Union Central Life Insurance Company, 304 U.S.

502, 58 S.Ct. 1025, 82 L.Ed. 1490. The situation impelling the debtor to seek an adjudication under subsection s may not develop until the plan has been in effect for a substantial time.

■ No cognate case has been cited and we have found none. However, in the light of the plain language of the statute,[1] we entertain no doubt of the jurisdiction of the court to grant the debtor's amended petition. Appellant complains that it was granted and the adjudication made without notice to him, but the statute does not require notice.

Affirmed.

---

[1] Appellant calls attention Senate Report No. 985, 74th Congress, 1st session, of date May 13, 1935, relating to the proposed re-enactment of subsection s. On page 3 of the report the language of the clause in question is paraphrased as though the word "proposal" were at the end of it. The use of the word in the report was probably inadvertent, for the original act, passed in 1934, 48 Stats. 1289, 11 U.S.C.A. § 203, does not contain the word in that place, and no change in the phraseology of this clause was made in the statute as re-enacted. Moreover, the interpolation of the word would not merely change the sense of the clause; it would, in fact, render it meaningless.