## BRINTON v. FEDERAL LAND BANK OF BERKELEY.

### No. 2462.

Circuit Court of Appeals, Tenth Circuit.

June 30, 1942.

Rehearing Denied Sept. 2, 1942.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellant.

Richard W. Young, of Berkeley, Cal. (Richards & Mitchell, of Salt Lake City, Utah, on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

On December 4, 1933, the appellant, as a farmer debtor, petitioned the district court for relief under Section 75, subs. a–r, of the Bankruptcy Act, 11 U.S.C.A. § 203, subs. a–r, and scheduled certain land on which the appellee held mortgages. After more than three years had elapsed, during which no offer of composition or extension as contemplated by subsections a–r of the Act was made, the mortgagee moved to dismiss the proceedings and to allow it to foreclose its mortgages in the state court. On March 6, 1937, after hearing on the motion to dismiss, the trial court found that no proposal for composition or extension had been offered, and that the debtor bankrupt had not exercised due diligence to avail himself of the provisions of the Act. The court "authorized and empowered" the mortgagee to foreclose its mortgages in any court of competent jurisdiction, effective April 1, 1937. No exception or appeal was taken from this order, and on June 24, 1937, the mortgagee instituted foreclosure proceedings in the state court and obtained service on the debtor.

On July 2, 1937, on "amended" petition of the debtor, he was adjudged a bankrupt under Section 75, sub. s, and on the same date the matter was referred to a conciliation commissioner. On August 31, 1937, the same commissioner, acting as a referee, reported to the court that the property had been appraised as provided by law, that the statutory exemptions had been set aside to the bankrupt, and the annual rental for the property fixed at $550 per year. The bankrupt continued in possession of the property and apparent-

742

ly complied with the order by remitting to the referee certain rental money for the account of the mortgagee, to be administered as contemplated by the Act.

On January 26, 1938 the mortgagee moved to vacate the order of adjudication under Section 75, sub. s, and for an order confirming its previous order of March 6, 1937, in which it authorized foreclosure of the property in the state court, contending that the state court had acquired jurisdiction to foreclose the property in accordance with the bankruptcy court's order of that date; and that the court did not by its order of July 2, 1937, reacquire jurisdiction over that part of the bankrupt's property which it had released or discharged by its previous order of March 6, 1937. On the same date, the court entered an order directing the debtor to show cause why the proceedings under Section 75, sub. s should not be dismissed for the reasons set forth in the mortgagee's motion. The order to show cause came on for hearing on February 5, 1938, and on February 7, 1938, the court ordered certain funds held by the conciliation commissioner for the account of the mortgagee, forthwith paid to the mortgagee, to apply on the mortgage indebtedness and further ordered the bankrupt to make additional payments to the mortgagee on or before June 15, 1938, and on or before November 30, 1938, to pay additional sums for rental, taxes, interest, as well as a payment on the loan. The cause was continued until November 30, 1938, provided the debtor complied with any and all the terms of the order, and in the event of its failure so to do, authorized the mortgagee to proceed with the foreclosure proceedings in the state court. Apparently the trial court refused to dismiss the proceedings, but assumed to act under the provisions of Section 75, sub. s. No exceptions or appeal was taken from this order.

The matter next came on for hearing on May 15, 1939, on motion of the mortgagee to dismiss the proceedings. The court recited its previous order of February 7, 1938, and the failure of the debtor to comply therewith. By its order the court "authorized, permitted and directed" the mortgagee to prosecute its pending action for the foreclosure of its mortgages according to law, and all jurisdiction over the property was "relinquished and ter-

minated." Accordingly, and on August 3, 1939, the mortgagee obtained a judgment foreclosing the mortgages on the premises in the state court, and on August 28, 1939, the property was sold to the mortgagee and sheriff's certificate duly issued. The debtor did not redeem within the statutory period of exemption which expired on March 20, 1940, and a sheriff's deed was issued which was filed on March 27, 1940.

The debtor did not except or appeal from the order of May 15, 1939, and apparently did nothing to protect his interest in the property until February 23, 1940, when, according to the record, the parties appeared in the bankruptcy proceedings. The record is not plain as to the purpose of the hearing, or on whose motion the matter came on for hearing, but the court by a minute order recited the adjudication of the debtor as a bankrupt under Section 75, sub. s, on July 2, 1937, and the reference to the conciliation commissioner. It further recited the appraisement of the property and the fixing of the annual rental, and the recommendation of the conciliation commissioner that the proceedings be stayed in accordance with the Act. The court ordered the recommendations of the referee approved "nunc pro tunc" as of August 31, 1937 (the date on which the referee reported), and "good cause appearing it is ordered that hearing on order to show cause be continued until March 2, 1940."[1] On March 5, 1940, the debtor petitioned for reappraisal of his property pursuant to Section 75, sub. s (3) of the Act, and prayed for reference to the conciliation commissioner for that purpose. On the next day, the court ordered the matter "re-referred" to the conciliation commissioner for reappraisement as provided by law.

The property was reappraised and reported to the court. On January 20, 1941, the debtor petitioned the court for an order fixing the time for the payment of the appraised value of the property, and upon the payment thereof an order turning over full possession and title to the lands in question, free and clear of all encumbrances, and discharging the debtor of all indebtedness in excess of the appraised value of the property. On March 8, 1941, the debtor petitioned the court for another appraisal of the property, reciting that the previous appraisal was "by reason of the

---

[1] The record does not indicate that an order to show cause was pending in the bankruptcy court on February 23, 1940.

return of said appraisal being insufficient the petition was dismissed." The petitioner asserted his right to redeem the property by paying the appraised value and prayed that he be allowed to so redeem.

On July 7, 1941, the mortgagee filed detailed objections to the petition for reappraisal, in which it pleaded the court's order of March 6, 1937, effective April 1, 1937, discharging the property in question from the bankruptcy proceedings, and authorizing the institution of foreclosure proceedings, contending that such an order was appropriate under Section 75, sub. *o*, of the Bankruptcy Act, and that the said order became final and conclusive; that thereafter, relying upon the court's order, it had instituted foreclosure proceedings in the state court, had obtained judgment, sold the property and secured a sheriff's deed as provided by law; and that consequently the bankruptcy court did not after April 1, 1937 acquire jurisdiction to administer the property under Section 75, sub. s, of the Bankruptcy Act; that the purported adjudication in bankruptcy pursuant to the amended petition of the debtor on July 2, 1937, was without authority of law and did not operate to confer jurisdiction upon the court. The mortgagee asserts that after March 6, 1937, its pleadings and appearance made in the bankruptcy proceedings were for the sole purpose of contesting jurisdiction of the bankruptcy court, and that in reliance upon the court's order it had changed its status from lienholder to that of owner of the property; that in any event, the court's order of May 15, 1939, dismissing the proceedings under Section 75, sub. s, was a confirmation of its contention that the court had no jurisdiction over the property, and that this order had long since become final.

On final hearing, October 4, 1941, the trial court, after detailing the facts substantially as herein related, concluded that pursuant to its order of March 6, 1937, and in reliance thereon, the state court acquired jurisdiction to foreclose the property, and that by such proceedings in the state court the mortgagee changed its status from a lienholder to that of owner of the property, and that the bankrupt thereafter had no interest in the property and the court had no jurisdiction over the same, and did not reacquire jurisdiction to administer the same under Section 75, sub. s, by the amended petition filed by the debtor on July 2, 1937. The trial court denied the petition for reappraisal and the debtor bankrupt has appealed from this order.

Our first question is whether the trial court acquired jurisdiction to entertain the proceedings under Section 75, sub. s, upon the debtor's amended petition filed July 2, 1937. On that date, the property in question had been discharged from the proceedings under subsections a–r pursuant to a petition filed and a hearing as contemplated by Section 75, sub. *o*, and the order, effective April 1, 1937, had become final as to proceedings under Section 75, subs. a–r. When the amended petition was filed, foreclosure proceedings had been instituted in the state court pursuant to the order discharging the property as of April 1, 1937, but it is certain that on that date his justiciable interest in the property as defined by subsection n had not been cut off. Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370; Wright v. Union Central Life Insurance Company, 304 U. S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490. Our question then is narrowed to the query of whether a final order of discharge or dismissal under Section 75, subs. a–r, is a bar to a subsequent proceedings by amendment under Section 75, sub. s.

██ We do not regard Union Joint Stock Land Bank v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 777, 84 L.Ed. 1041, as controlling on this point, since there the foreclosure proceedings had been completed and title passed thereunder prior to the debtor's petition for reinstatement under Section 75, sub. s. As stated by the court, "it would have been a vain thing to refer the cause to a conciliation commissioner for administration of property which no longer belonged to the debtor." See also Wright v. Union Central Life Insurance Company, supra. Jurisdiction to entertain proceedings under Section 75, sub. s, contemplates a failure to obtain a composition or extension. John Hancock Mutual Life Insurance Company v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176; Wright v. Logan, 315 U.S. 139, 62 S.Ct. 508, 86 L.Ed. ——. Or if the debtor feels aggrieved by the composition or extension effected under section 75, subs. a–r, he may amend his petition and answer asking to be adjudged a bankrupt under Section 75, sub. s. See Cohan v. Elder, 9 Cir., 118 F. 2d 850.

When the matter came on for hearing before the trial court on March 6, 1937, after a lapse of more than three years, during which time no composition or extension had been made or offered, there was no alternative but to discharge the property from the jurisdiction of the bankruptcy court. There was nothing on which the court could act; the court was therefore authorized under subsection *o*, after petition and hearing, to permit the institution of foreclosure proceedings. On July 2, 1937, some three months afterwards, the debtor sought to and did amend his petition to invoke the provisions of subsection s. At that time, the debtor held possession and title to the property, subject to the mortgage indebtedness, and except for the asserted finality of the order of March 6, 1937, the relief afforded by subsection s was certainly available to him. The right to invoke the remedial provisions under Section 75, sub. s, is conditioned only on a failure or a grievance under Section 75, subs. a–r, "and a previous discharge of the debtor under any other section of this title shall not be grounds for denying him the benefits of this section." Section 75, sub. s (5). See Cohan v. Elder, supra. If the finality of orders made by the court under subsections a–r shall be made to control the jurisdiction under subsection s, the Congressional intent and purpose of Section 75, sub. s, would be greatly circumvented, if not wholly obscured.

Of course if the foreclosure proceedings had reached a stage of finality, and title had passed to the mortgagee before the debtor attempted to amend his petition under Section 75, sub. s, there would be good reason to apply the rule announced in Union Joint Stock Land Bank v. Byerly, supra, but here, as observed in Wayne United Gas Company v. Owens-Illinois Glass Company, 300 U.S. 131, 57 S.Ct. 382, 386, 81 L.Ed. 557, no rights vested in reliance upon the order of dismissal, except the institution of the foreclosure proceedings which did not change the position of the mortgagee from a lienholder to the owner. No rights "intervened which would render it inequitable to reconsider the merits."

In the light of the remedial and beneficent purposes of Section 75, sub. s, we do not think that an order by the court of bankruptcy authorized by subsection *o*, discharging the bankrupt's property from its jurisdiction, operates as a bar to subsequent jurisdiction over the same property under subsection s upon an amended petition of the bankrupt if the debtor has a justiciable interest in the property at the time jurisdiction under subsection s is invoked. We hold that from and after July 2, 1937 the court had jurisdiction over the bankrupt debtor, the property in question, and jurisdiction to administer the same in accordance with the provisions of Section 75, sub. s. By the order of February 7, 1938 the court denied the mortgagee's motion to vacate the adjudication of July 2, 1937, and proceeded to administer the property under Section 75, sub. s, by ordering certain funds held by the conciliation commissioner paid to the mortgagee; and further ordered the debtor to make additional payments as rent, interest, taxes and principal. The mortgagee neither excepted or appealed from this order, but apparently acquiesced therein. Since the elements of jurisdiction are present, this order was not void but voidable, and consequently became final. Union Joint Stock Land Bank v. Byerly, supra, 310 U.S. page 7, 60 S.Ct. 773, 84 L.Ed. 1041.

The question remains, did the order of May 15, 1939, relinquishing and terminating the bankruptcy court's jurisdiction over the property, and authorizing foreclosure and sale of the property in the state court, constitute a final adjudication and disposition of the proceedings under Section 75, sub. s. Pursuant to the order of May 15, 1939, the mortgagee proceeded to take judgment in the state court, and to sell the property as provided by law. A sheriff's deed was issued and the right to redemption expired on March 20, 1940. If the order of May 15, 1939, was erroneous, because at variance with the right of the bankrupt to have the property appraised, and redeemed within the time and the manner allowed and provided by Section 75, sub. s (3), Wright v. Union Central Life Insurance Company, 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184; Federal Land Bank of Berkeley v. Nalder, 10 Cir., 116 F.2d 1004, but has become final because no timely exception or appeal was taken therefrom, this court is powerless to correct the error by this appeal. Bernards v. Johnson, 314 U.S. 19, 62 S.Ct. 30, 86 L.Ed. ——. On February 23, 1940, after the property had been sold, but before the period of redemption had elapsed on March 20, 1940, the trial court was apparently exercising

jurisdiction under Section 75, sub s, of the Act by approving the report of the conciliation commissioner, and by staying the proceedings as of August 31, 1937.

Again on March 6, 1940, and before the expiration of the redemption period, the court exercised further jurisdiction by ordering an appraisal of the property as provided by law. This appeal is taken from the final order of the court denying a reappraisement, on the asserted grounds that it had no jurisdiction since March 6, 1937. Rather, we think, that the question is whether the court had jurisdiction to administer the property since its order of May 15, 1939, denying jurisdiction became final.

Obviously, the court could not divest itself of jurisdiction and exercise it at the same time, or exercise it after a denial of it. We hold that the order of May 15, 1939, relieved the mortgagee of any disability to pursue his foreclosure suits arising out of the pendency of the bankruptcy proceedings, and left them free to prosecute their foreclosures in the state court. However erroneous the order, the remedy for its correction was by timely application for rehearing or timely appeal. Bernards v. Johnson, supra.

Therefore since the court had no jurisdiction over the property from and after May 15, 1939, it had no jurisdiction to entertain the petition for reappraisement, and this appeal does not reach the erroneous order of the court in refusing to administer the same as provided by Section 75, sub. s (3).

The judgment is affirmed.