## SMITH et al. v. FEDERAL LAND BANK OF BERKELEY et al.

No. 10666.

Circuit Court of Appeals, Ninth Circuit.

Jan. 30, 1945.

Rehearing Granted March 29, 1945.

Allan J. Carter, of Pomona, Cal., for appellant.

Richard W. Young, M. G. Hoffmann, and Percy A. Smith, all of Berkeley, Cal., for appellees.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

This appeal is from an order of the District Court for the Southern District of California, as a court of bankruptcy, made and entered on September 17, 1943, whereby on review an order of the conciliation commissioner as referee was set aside and vacated by the court. In order to describe the order so vacated a summary narration of previous proceedings is essential. On February 9, 1942, on petition of the appellees, the referee allowed them to proceed to the exercise of a power of sale in certain deeds of trust to secure loans made to the appellants, farmer-debtors, who had on September 10, 1937, obtained an extension agreement for three years "and thereafter." In granting that leave to sell and foreclose, the referee found the debtors to be in default of the terms of their extension agreement, and also that the extension agreement had terminated and the debtors had exhausted their rights under section 75, subs. a–r, of the Bankruptcy Act, 11 U. S.C.A. § 203, subs. a–r. Thereafter on May 19, 1942, appellants petitioned to be adjudged bankrupts under section 75, sub. s, and that all of their property, including all encumbered property, be set aside into appellants' possession under the terms of section 75, sub. s. The referee recited that appellants had been adjudged bankrupts under section 75, sub. s by the court in an order of June 11, 1942, which prohibited the appellees from proceeding with any sale of the bankrupts' property under the deeds of trust. Then followed a petition by the appellees, dated July 21, 1942, praying that the adjudication in bankruptcy of June 11, 1942, be set aside and vacated and "these" proceedings be dismissed, or, alternatively, that the property under appellants' deeds of trust be stricken from the debtors' scheduled assets, or that the order granting leave to sell under the deeds of trust made on February 9, 1942, be declared final and unaffected by the order of adjudication on June 11, 1942. The last mentioned orders of February 9, 1942, and June 11, 1942, were in direct conflict, in that one allowed sale under the deeds of trust to proceed and the other forbade that procedure. The alternative prayer of appellees was designed obviously to obtain relief from that dilemma. The referee denied the petition of appellees, holding that the debtors were entitled to amend their petition [originally under section 75, subs. a–r] into one under section 75, sub. s, with jurisdiction over the encumbered property retained under the latter section and subsection. From this order of the referee a review by the District Court was obtained. In certifying the proceedings for review, the foregoing matters were included.

On review the court vacated the referee's findings, conclusions, and order which held that the amendment of petition into one under section 75, sub. s, and the granting thereof, cut off the leave and right to sell under the deeds of trust previously granted. The court adjudged only that the property

under the deeds of trust be stricken from the debtors' schedule of assets, and that appellees have leave to sell under the powers in those deeds.

The order and decree of the District Court on review of the referee's proceedings was made and entered on September 17, 1943. A motion for new trial and rehearing was made but denied on October 25, 1943, and notice of appeal was filed on October 27, 1943. This court has jurisdiction of that appeal.

The principal question presented by this appeal is whether leave to foreclose a mortgage or to sell under deeds of trust, which encumber a farmer-debtor's lands, may be granted under and as part of extension proceedings according to National Bankruptcy Act, § 75, subs. a–r without being revoked by a subsequent amendment of the farmer-debtor's petition into one for bankruptcy according to section 75, sub. s. A subsidiary question made and argued on this appeal is whether the right to file an amended petition under section 75, sub. s, is waivable by the farmer-debtor, and whether in this case it was waived. The principal question will be considered first.

■ The present Frazier-Lemke Act, 11 U.S.C.A. § 203, National Bankruptcy Act § 75, embraces subsections a to r, relating to compositions and extensions to farmer-debtors who choose not to petition voluntarily for an ordinary adjudication as "bankrupts" under section 4 of the Bankruptcy Act, 11 U.S.C.A. § 22. The concluding subsection s of section 75 relates to amendment of petitions made under subsections a to r into petitions for adjudication as "bankrupt" according to the provisions of said subsection s. By terms of section 75 a farmer-debtor in the first instance seeks a composition or extension under subsections a to r, but does not become a bankrupt; if he fails to obtain acceptance of a composition or extension agreement by his creditors, or if he is aggrieved by such as he does obtain, he may then amend into a petition under subsection s as a bankrupt. A proceeding under section 75, sub. s is a method of recourse for relief when that prescribed by section 75, subs. a–r, has failed or is an aggrievement to the farmer-debtor. In each the statute prescribes for relief to creditors as well as to the farmer-debtor.

■ Under section 75, sub. n, it is provided that the jurisdiction and powers of the courts and the rights and liabilities of the creditors and of all persons with respect to the property of the farmer shall be the same as if a voluntary petition in bankruptcy had been filed; and in section 75, sub. k, it is provided that the lien of any secured creditor shall not be reduced below the fair and reasonable value of the property securing the debt at the time of the extension; while in section 75, sub. o, it is provided that proceedings in court or otherwise for foreclosure of any mortgage on land of the farmer shall not be had "except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner." Conversely that means that upon grant and leave obtained by such petition, foreclosure by a secured creditor may be made while an extension agreement is still on foot and pending. Such grant of permission was made in the court below by the conciliation commissioner by his order and recommendation of February 9, 1942, which was limited to the granting of such leave and did not deny or curtail any further right of the farmer-debtor to have ultimate recourse to an amended petition under section 75, sub. s. While this grant of leave was not at once carried into an order by the judge, an order was made by the conciliation commissioner as referee reciting an adjudication in bankruptcy under section 75, sub. s, on December 17, 1942, in which he incorporated a conclusion that the rights of the debtors in the mortgaged property were not cut off by the order of February 9, 1942, and he incorporated a further conclusion that the court retained jurisdiction of the mortgaged property for the purposes of section 75, sub. s. When all these proceedings were merged in one review by the District Court, being all thereby kept within the continuing jurisdiction of that court, it adjudged only that the "findings and conclusions" of the conciliation commissioner in his "order dated December 17, 1942" be set aside and vacated, and the actual judgment was only that the described encumbered property be "stricken from the debtors' schedules" and that appellee banks "may proceed to have the power of sale in one or both of the deeds of trust" exercised according to law. Nothing was actually adjudged to affect the right to amend the petition into one under section 75, sub. s. The court concluded that appellants "waived their right to amend their petition under section 75, sub. s, *and thereby affect the property* [under

the deeds of trust] *by an adjudication under § 75, sub. s"*. [Italics ours.] But that is far from a conclusion that it was totally and as to all persons and property waived. That conclusion, moreover, was unnecessary to support the order actually made.

█ The effect of that vacation of the referee's conclusions and findings in his several proceedings so merged in one review was to reinstate and grant his first order and recommendation, which allowed sale under power in the deeds of trust to proceed, and to strike the encumbered property from the debtors' schedules. Beyond that, except as affected the encumbered property, the judgment here appealed from does not impair the rights of the farmer-debtors to proceed by amending their petition into one under section 75, sub. s, for whatever that may be worth to them. They may obtain a discharge from their other debts according to section 75, sub. s (3).

█ The subsidiary question whether the right to amend a petition under section 75, subs. a–r, into one under section 75, sub. s, may be waived and whether the appellants did waive it, has not arisen in this case, and therefore is not decided. There was no claim by appellees that appellants had wholly waived as to all creditors and all assets the right to amend the petition into one under section 75, sub. s. Appellants' contention was and is that the filing of their amended petition under section 75, sub. s, reacted upon and thwarted the order allowing appellants to proceed to sell under the powers in their deeds of trust previously made. As the orders of the conciliation commissioner stood when changed by the court upon review, they merely authorized the appellants to proceed to sell and for that purpose struck the encumbered lands from the farmer-debtors' scheduled assets. That relief was one of the three alternative reliefs prayed for by appellees in their petition to the District Court. Another prayer for setting aside and vacating the proceedings and order under section 75, sub. s, was not granted, and those proceedings are not affected by the judgment appealed from. The proceedings under section 75, sub. s do not, however, apply to the encumbered lands which, by the earlier order of the commissioner and the consent given in the judgment, had been effectively stricken from the debtors' assets. The rights of appellants under their extension and under section 75, subs. a–r, of the National Bankruptcy Act to a stay of sale under the deeds of trust ceased and determined by that order and those rights were not a subject of waiver after they ceased to exist by order of the bankruptcy court conformable to § 75, sub. o.[1]

Since the judgment appealed from had no further purport or effect than to strike the encumbered lands from the debtors' schedules and to authorize appellants to sell under their deeds of trust, and since it leaves appellees free to exercise their right to amend under section 75, sub. s as to all other property and creditors, it should be affirmed.

Affirmed.

---

[1] Trego v. Wright, 6 Cir., 111 F.2d 990, is not opposed in theory. That case held merely that neither a pending state court foreclosure, nor an agreement for stay approved by the state court, could waive the right to petition under section 75, sub. s. It did not hold that a bankruptcy court order under section 75, sub. o could be aborted by the subsequent filing of a petition under section 75, sub. s.

Since a three-year stay under section 75, sub. s may not be made until after an appraisal (In re McGoldrick, 9 Cir., 121 F. 2d 746; Borchard v. California Bank, 310 U.S. 311, 60 S.Ct. 957, 84 L.Ed. 1222), and since such appraisal was not had, no right to a further stay accrued to appellants by their filing of an amended petition under section 75, sub. s, subsequent to the order striking the encumbered land from appellants' schedules and granting leave to sell in satisfaction of lien.