**SMITH et al. v. FEDERAL LAND BANK OF BERKELEY et al.**

No. 10666.

Circuit Court of Appeals, Ninth Circuit.

June 25, 1945.

Writ of Certiorari Denied Nov. 5, 1945.

See 66 S.Ct. 145.

For former opinion, see 147 F.2d 505.

Allan J. Carter, of Pomona, Cal., for appellants.

Richard W. Young, M. G. Hoffmann, and Percy A. Smith, all of Berkeley, Cal., for appellee.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

STEPHENS, Circuit Judge.

An order made by a conciliation commissioner as referee was set aside and vacated by the district court sitting in bankruptcy. The farmer-debtors appeal. This court affirmed the decision of the district court in an opinion filed January 30, 1945, 147 F.2d 505. The matter is now before us on a rehearing.

Appellant-debtors own a citrus grove. Appellee-creditors hold two trust deeds on the property securing notes executed by appellants. In September, 1937, appellants filed a petition under § 75, subs a–r, of the Bankruptcy Act, 11 U.S.C.A. § 203, subs. a–r. The petition was approved by the court and the matter referred to a conciliation commissioner. A three-year extension proposal,[1] dated November 2, 1937, was submitted by appellants, accepted by the required majority of creditors, approved by the conciliation commissioner on December 14, 1937, and thereafter approved by the court.

Appellees filed a petition, dated January 13, 1941, for an order dismissing the § 75, subs. a–r, proceedings or authorizing them to have the power of sale in the trust deeds exercised. A hearing on the petition was held March 12, 1941.

On March 21, 1941, appellants' attorney, Mr. Stone, wrote a letter to appellees' attorney, Mr. Hoffman, which read in part: "The matter of filing a petition under subsection s [of Bankruptcy Act, § 75] has been thoroughly discussed with Mr. and Mrs. Smith, the above named debtors. They have concluded that they will abandon the property and simply let the matter go by default if the Randolph Marketing Company and their agent, Mr. Omer Avery of this city, can be protected as to the present grapefruit crop which is now on the trees. * * * If you are willing to allow Mr. Avery to take the grapefruit crop now on the trees, the Smiths are willing to let the matter go any way that is satisfactory to you." A letter of March 26, 1941, from Mr. Hoffman agreed to let the Randolph Marketing Company pick the grapefruit and retain the proceeds, but only in the amount necessary to reimburse it for advances, if the debtors would consent to the order prayed for in appellees' petition and if either the conciliation commissioner and

judge would order dismissal or the conciliation commissioner would order a sale under the trust deeds and thereafter appellants would execute the enclosed possession agreement.

On May 1, 1941, appellant Mrs. Smith, signed a possession agreement authorizing appellees to take possession. The agreement was not the same as that enclosed in Mr. Hoffman's letter but a shorter version from which certain sentences objectionable to Mrs. Smith had been deleted. The omitted material contained an admission that appellants had had a fair trial under subsections a–r, were unable to show any results, and were willing voluntarily to ask the commissioner for a dismissal.

The commissioner, on February 9, 1942, made findings of fact and conclusions of law in response to appellees' petition. He found in part that the intention of those concerned in the extension proposal was an extension of three years from November 2, 1937, that the term of the extension proposal had expired, that the debtors had defaulted under its terms, and that the debtors had consented to such relief as was demanded by the secured creditors in their petition. He ordered that appellees might, with the consent of the court, exercise the power of sale in their deeds of trust in accordance with the laws of the State of California. No appeal was taken from the order.

Several months after the commissioner's order, appellants filed an amended petition asking to be adjudicated bankrupts under § 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, on the ground that they were aggrieved by the composition or extension. The conciliation commissioner recommended such adjudication. On June 11, 1942, District Judge McCormick adjudged them bankrupts and enjoined creditors from proceeding with any trust deed sale of the bankrupts' property until further order of the court. The proceedings that led directly to the instant appeal followed.

On July 21, 1942, appellees petitioned and moved that the order adjudicating the debtors bankrupts be set aside and vacated and that the proceedings be dismissed, that the citrus grove property be stricken from the debtors' schedule, or that the June 11th order of adjudication be held to have no effect

[1] Under the view we take of the instant case we may assume without deciding that the extension plan was properly found to have expired on November 2, 1940, and need not examine our right to consider herein the validity of that finding.

on the February 9th order and that appellees be held entitled to proceed under the terms of the latter order. Hearing was held before the conciliation commissioner on the matter September 3, 1942. On November 2nd the commissioner considered a related point and ordered that the possession of the property remain in appellants, that they pay a rental of $500 a year, and that all proceedings be stayed for three years.[2] On December 17, 1942, he denied appellees' petition and motion.

On January 8, 1943, appellees petitioned the district court for a review of the commissioner's order. Hearing was held May 10th. On July 9th District Judge Beaumont filed a memorandum opinion holding that appellants had waived their right to amend under § 75, sub. s. Then on September 17, 1943, the court entered findings of fact and conclusions of law in accordance with its memorandum opinion and ordered that the conciliation commissioner's findings, conclusion, and order of December 17, 1942, be set aside and vacated, that the citrus grove property be stricken from appellants' schedules, and that appellees might proceed to have the power of sale in their deeds of trust exercised in accordance with the laws of the State of California.

On October 16, 1943, appellants filed a motion for a new trial, petition for rehearing of review, and motion to vacate judgment, order, and findings on review. The motion and petition was denied on October 25th. An affidavit of appellants' attorney in support of the motion and petition included two letters from attorney Stone to attorney Hoffman and one from attorney Hoffman to attorney Stone. The letters were intended to show an absence of waiver by appellants. Appellees question our right to consider the letters on this appeal.

On October 27, 1943, appellants filed a notice of appeal to this court from Judge Beaumont's order of September 17, 1943, and from his order denying the motion for new trial, etc., of October 25, 1943.

The question of chief concern herein is whether, the term of an extension plan formulated under § 75, subs. a–r, having expired and leave to sell the farmer-debtor's lands under deeds of trust having been granted, the district court sitting in bankruptcy has jurisdiction over the lands for the purposes of § 75, sub. s proceedings.

Under the terms of § 75, sub. s "Any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition and/or extension proposal, *or if he feels aggrieved by the composition and/or extension,* may amend his petition or answer, asking to be adjudged a bankrupt. [Emphasis added.]" Appellees insist that after the expiration of a voluntary extension proposal a debtor may not become "aggrieved" within the meaning of the section.

In Cohan v. Elder, 9 Cir., 1941, 118 F.2d 850, 851, this court declared that by subsection s Congress "provided for an adjudication on petition of the aggrieved debtor notwithstanding the acceptance and confirmation of his own proposal." In the Cohan case the debtor had filed his amended petition under § 75, sub. s, after the acceptance and confirmation of the extension proposal but before the expiration of its term. However, in holding the debtor entitled to file an amended petition, the court emphasized the necessity for aggrievedness on the part of the debtor and considered the time element unimportant.

The language of § 75, sub. s, does not limit its benefits to an aggrieved debtor who requests relief before the termination of an extension proposal, or within a reasonable time, or in accordance with any rigid schedule of time. See Wright v. Logan, 1942, 315 U.S. 139, 141, 62 S.Ct. 508, 86 L.Ed. 745. A liberal construction of the section makes it applicable to any aggrieved debtor at any time. Therefore in the instant case lapse of time did not deprive the district court of jurisdiction to entertain appellants' amended petition.

[2] An appraisal is an essential to a three-year stay under § 75, sub. s. In the instant case (according to appellants' statement as the instrument is not copied into the record) an appraisal was filed in the conciliation commissioner's office on August 4, 1942; it showed a real estate valuation of $5,000, a personal property valuation of $300, and an estimated annual rental value of $500. No order was ever entered in specific words approving the appraisal. However, the conciliation commissioner's order of November 2, 1942, necessarily approved it by setting the rental at the appraised rental value of $500 a year. The order also included a three-year stay provision, which we think effective in view of the tacit approval of the appraisal, particularly since no appeal was taken.

The conciliation commissioner's order of February 9, 1942, granting leave to sell the debtors' citrus grove property under deeds of trust operated, appellees argue, to withhold that property from the jurisdiction of the court in the subsequent bankruptcy proceedings. We think the argument without merit if the debtors retained a justiciable interest in the property. Relief under § 75, sub. s, by its terms is available to all those who fail to achieve, or who feel aggrieved by, a plan under § 75, subs. a–r. No further restrictions are levied. Paragraph (5) of subdivision s specifically warns that "a previous discharge of the debtor under any other section of this title shall not be grounds for denying him the benefits of this section." In Brinton v. Federal Land Bank, 1942, 129 F.2d 740, 744, the tenth circuit held that a court order under § 75, sub. o, discharging a bankrupt's property from its jurisdiction does not bar subsequent jurisdiction over the same property under § 75, sub. s, if the bankrupt has a justiciable interest in the property at the time of the sub. s proceedings.

In the instant case after leave was granted to sell under the deeds of trust, there is no evidence of any actual sale and certainly none of any final passing of title as a result of such a sale. Neither is there any indication of a change of position on the part of the creditors; they have been lienholders throughout. On the date of the bankruptcy adjudication appellants had not been deprived of their interest in the property as encumbered by the trust deeds. They had, then, a justiciable interest in the property within the meaning of § 75, sub. n. It follows that the court had jurisdiction over the debtors and over the property for the purposes of proceeding under § 75, sub. s.

Insofar as our view is contrary to that expressed in Re Casaudoumecq, D.C. Cal., 1942, 46 F.Supp. 718, 723, we think that opinion out of line. The Supreme Court has said of § 75: "This Act provided a procedure to effectuate a broad program of rehabilitation of distressed farmers faced with the disaster of forced sales and an oppressive burden of debt. * * * the Act must be liberally construed to give the debtor the full measure of the relief afforded by Congress [citing cases] lest its benefits be frittered away by narrow formalistic interpretations which disregard the spirit and the letter of the Act." Wright v. Union Central Life Ins. Co., 1940, 311 U.S. 273, 278, 279, 61 S.Ct. 196, 199, 85 L.Ed. 184. If final orders under subsections a–r prevented subsequent jurisdiction under subsection s, where the debtor retains a justiciable interest in the property, the beneficial purpose of the act would fail of accomplishment.

It is suggested that appellants are estopped from procuring the benefits of subsection s, insofar as appellees and their securities are concerned because, as a result of appellants' misleading conduct, appellees made no attempt to bring the question as to appellant's right to amend under subsection s, to an early determination. However, during the period prior to the bankruptcy adjudication the parties were continually negotiating. Also, as the district court stated in its memorandum opinion, there is no showing in the evidence of any contumacious conduct which would cut off appellants' right to relief under subsection s. Wright v. Union Central Life Ins. Co., 1940, 311 U.S. 273, 280, 61 S.Ct. 196, 85 L.Ed. 184; Peterson v. John Hancock Mut. Life Ins. Co., 8 Cir., 1943, 137 F.2d 396, 398.

The district court reversed the conciliation commissioner on the ground that a debtor may waive his right to amend and to be adjudicated under subsection s, and that appellants herein did waive that right.

Order 50(11) of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, gives a conciliation commissioner the powers and duties of a referee in bankruptcy and makes the general orders applicable to proceedings under § 75 if not inconsistent. Order 47 requires a district judge to accept a referee's findings of fact unless clearly erroneous. Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A following section 723c, prohibits our setting aside findings of a district court unless clearly erroneous. We think under these rules we should examine findings of both district court and conciliation commissioner for clear error only, on an appeal such as the instant one from a judgment of the district court setting aside an order of the conciliation commissioner. Kauk v. Anderson, 8 Cir., 1943, 137 F.2d 331, 333; Morris Plan Industrial Bank v. Henderson, 2 Cir., 1942, 131 F.2d 975, 976.

The commissioner herein had made no specific finding on the subject of waiver although the questions of waiver and estoppel

were raised in appellees' petition. In his findings he had summarized his findings of February 9, 1942, including one "that the debtors had consented that such relief as was demanded by the secured creditors in said petition, and as might be deemed proper by this Court, might be granted." The commissioner then had concluded the debtors could amend under § 75, sub. s, and had ordered appellees' petition dismissed.

In its memorandum opinion the district court based its view as to waiver on the March 21, 1941, letter of appellants' attorney Stone and on the March 26th reply of appellees' attorney Hoffman, on the May 1st execution of the possession agreement by appellant Mrs. Smith, on the quoted excerpt from the conciliation commissioner's findings, and on parts of the Points and Authorities and Statement of Facts filed by each party in the review proceedings. Appellees' Statement of Facts asserted: "On March 21, 1941, the debtors informed the petitioning creditors of their decision to abandon the property and forego the filing of a petition under Section 75, sub. s, upon certain conditions. The conditions were met. On May 1, 1941, Florence D. Smith, the record owner of the property, signed a possession agreement, authorizing the petitioning creditor to take possession of and operate the property, as mortgagee in possession." In appellants' Statement of Facts appears the language: "The statement of facts submitted by the creditors, Federal Land Bank, appears to be substantially borne out by the admission of the debtors except that the debtors have consistently maintained and still maintain that the so-called Possession Agreement dated May 1, 1941, was obtained by fraud and false representation."

■ We find no substantial evidence to support the district court's finding as to waiver. Without considering the two letters which are contained in the affidavit supporting appellants' motion for a new trial, etc., and which appellees insist we have no right to consider, the evidence shows on its face that there was no waiver. True, appellants' attorney Stone wrote appellees' attorney Hoffman that his clients had dis-

cussed the composition proceedings and had decided to abandon the property and let the matter go by default if the Randolph Marketing Company and its agent could be protected as to the grapefruit crop on the trees. However, he added that he would appreciate a prompt reply as he was "holding the matter in abeyance pending your answer." The last remark negatives any possible impression of a blanket waiver in the absence of acquiescence by appellees.

Mr. Hoffman's reply of March 26, 1941, was not a simple acceptance of appellants' proposition. He suggested several additional conditions. He gave only a qualified assent to appellants' request for protection of the Randolph Marketing Company, for he agreed to pay the company only so much of the proceeds from the grapefruit crop as would be necessary to reimburse it for its authorized outlay in connection with the crop. The matter remained in the preliminary negotiation stage as no agreement between the parties had yet been reached.

All the conditions set by appellees were not actually met by appellants. For instance, a possession agreement was signed but not the one enclosed in attorney Hoffman's letter, instead one different in material respects. That possession agreement, containing no words of waiver, is no indication that a waiver ever took place.

■ The conciliation commissioner's February 9, 1942, finding as to consent specified consent to such relief demanded in appellees' petition to dismiss as the court deemed proper. Consent to dismissal of § 75, subs. a–r, proceedings or consent to the authorization of a sale under trust deeds (the relief demanded) is not synonymous with consent to waive one's rights under § 75, sub. s. A debtor's right to amend under that section survives as long as he retains a justiciable interest in property. Neither does the exchange of remarks in the Statements of Facts of the parties hereto constitute a recognition of waiver.

The district court erred in failing to affirm the December 17, 1942, order of the conciliation commissioner.

Reversed.