### In re WRIGHT.

**WRIGHT et al. v. LOGAN et al.**

**No. 5378.**

Circuit Court of Appeals, Seventh Circuit.
Feb. 22, 1935.

As Amended on Denial of Rehearing
March 25, 1935.

Walter V. Dysert, of Danville, Ill., for appellants.

F. C. Van Sellar, of Paris, Ill., for appellees.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

Appellants (the debtors) submitted to the bankruptcy court a proposition for a five-year extension of their debts, pursuant to section 74 of the Bankruptcy Act (11 U. S. C. § 202 [11 USCA § 202]). Upon hearing, the referee denied confirmation of the proposed extension, which ruling was confirmed by the District Court, and is the subject-matter of this appeal.

It appears that the debtors owed appellee Logan about $4,000, and had given him as security therefor a mortgage on their forty-acre farm; that Logan had filed a bill to foreclose the mortgage, which resulted in a decree and a sale of the farm to Logan by the master in chancery for $3,801.52 and a deficiency judgment against appellants in Logan's favor for $300, the usual master's certificate of sale, dated February 3, 1933, being issued to Logan. The year for redemption from the mortgage sale allowed mortgagors by the Illinois statute had expired, and the three months thereafter allowed judgment creditors had expired all but one day. But there was no redemption, and on the day preceding the expiration of the time for redemption by judgment creditors the court issued an order temporarily restraining the master in chancery from issuing a master's certificate of sale to Logan.

It appears also that appellees Hoenig and Parrish were unsecured creditors of these debtors in the amounts of $1,078.92 and $1,279.07, respectively, and that neither they nor Logan signed the extension agreement; but, on the contrary, that they filed objection thereto.

It further appears that the claims of the eighteen creditors who signed their consent to the extension agreement aggregated $3,268.32, and that the debtors' total indebtedness then was $10,012.87.

Section 74 of the Bankruptcy Act requires that the application for confirmation of an extension proposal must be accepted, in writing, by a majority of the creditors in number and amount. There was here the requisite number, but upon the face there was clearly lacking the consent in writing of a majority in amount.

Appellants do not controvert this, but contend that Logan had made an oral agreement with them for extension of the time of redemption from the mortgage sale, whereby Logan as a creditor must be regarded as in the relation of a creditor consenting in writing to the proposed extension, thereby supplying the requisite majority in amount favorable to extension. Many citations are made of Illinois cases on the proposition of the binding force of an oral agreement for extension of such time for redemption. It will not be necessary to discuss these authorities in view of our conclusion that it does not appear from the evidence that such an agreement was in fact made. All that the record discloses thereon occurs in the cross-examination of Logan. He was asked and he answered:

"Q. Well it's good enough for you to foreclose your mortgage? A. I offered to let her have it any time for the money.

"Q. But you won't let her have it now if she can get the money? A. I offered it to her any time. When she asked for the extension I told her she could have it any time."

Absolutely no other evidence thereon appears. Mrs. Wright, who seems to have been conducting the business, testified, but made no reference to any such thing as an agreement for extension.

In view of the practically undisputed evidence that there was no equity in the property above the mortgage debt, it is entirely reasonable to conclude that Logan meant practically what he said—that if they would get him the money, he would give up the property. But it does not appear that at any time the money was tendered him, nor that, although there were negotiations for another loan, any responsible person was willing, within reasonable time, to loan sufficient money on the farm to pay in full Logan's claim. Logan's expressed willingness to take the money due on his mortgage, even if construed to apply to a time after the redemption period, was certainly not the equivalent of his assent to a proposition that, for a period of time which might extend to five years, he would refrain from taking

deed to the property, relying on the bankruptcy proceeding to care for the accruing interest, taxes, and upkeep of the property, not to mention the possible effect of such delay upon his right to a master's deed after the expiration of the period of limitation for issuing master's deeds fixed by the statute of Illinois. Smith-Hurd Ann. St. Ill. c. 77, §§ 18, 20, Cahill's Ill. Rev. St. 1933, c. 77, pars. 18 and 20.

But even though it be concluded that what Logan testified to amounted to an agreement to extend the time for redemption, it falls far short of an agreement on his part to suspend for a period up to five years the taking of title under his master's certificate of sale, and surely does not supply the statutory requirement that such consents, to be effective, must be in writing.

However liberally we are disposed to construe section 74 with a view of according to debtors the full scope of the relief thereby contemplated, we are not at liberty to ignore its specific requirement that a majority of creditors, in amount as well as in number, must consent in writing to such proposed extension before the bankruptcy court may confirm it.

The order of the District Court is affirmed.