**In re WRIGHT et al.**

**WRIGHT et al. v. LOGAN et al.**

**No. 7368.**

Circuit Court of Appeals, Seventh Circuit.

March 15, 1941.

Rehearing Denied May 21, 1941.

Elmer McClain, of Lima, Ohio, and Walter V. Dysert, of Danville, Ill., for appellants.

Harold F. Lindley, of Danville, Ill., for appellees.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Appellants profess to be aggrieved by an order of the District Court, entered in a proceeding under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. The order denied their amended petition for adjudication under subsection s; removed all prohibition theretofore imposed upon appellees from exercising their rights under a deed obtained under foreclosure proceedings; provided that that deed be given full force and effect and that possession of the premises therein described be surrendered by appellants immediately; and dismissed the debtor proceedings.

The parties have been engaged in litigation as to the property here involved since 1932 when the mortgagee (now deceased), instituted a suit for foreclosure. Appellees are his widow and daughters. A certificate of sale issued February 3, 1933. Appellants did not redeem within the twelve months provided by Illinois statute (Chap. 77, § 18) for redemption by the mortgagor.

On May 3, 1934, the day before the expiration of the three month additional period during which creditors are permitted to redeem properties, appellants filed their petition for composition, and extension of

their debts under section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202. Confirmation of the proposed extension was denied by the referee whose order was confirmed by the District Court and affirmed by this court on appeal. Wright v. Logan, 7 Cir., 75 F.2d 687. After mandate issued, appellants on April 5, 1935, filed their petition, and were granted leave to file under section 75 of the Bankruptcy Act. Thereafter, while the bankruptcy proceeding was pending, they filed suit in a state court seeking to redeem the real estate from the mortgage foreclosure sale on the theory that the mortgagee who then held the certificate of sale had orally agreed to permit redemption at any time, in reliance upon which promise they had expended over $500 in permanent improvements on the property. A decree against them in the trial court was reversed by the Appellate Court which, on January 15, 1937, ruled that they were entitled to redeem, and remanded the cause with directions to the court to ascertain the amount due from appellants to the mortgagee and fix a reasonable time during which the former might pay the amount due and redeem the premises. The court also directed that, upon such payment, the deed theretofore issued by the master on the certificate of sale should be canceled, and the mortgagee should reconvey to appellants the title acquired on the master's certificate. Wright et al. v. Logan, 288 Ill. App. 481, 6 N.E.2d 265.

Under the provisions of the Illinois statute (Chap. 110, § 212) "No new trial shall be had by reason of the reversal of any judgment, order or decree, unless the mandate shall be filed in the trial court within one year after final determination by the reviewing court." Appellants did not comply with this statutory provision, and have never filed the mandate of the Illinois Appellate Court which was necessary to enable them to avail themselves of the benefit of the decision of that court. The right to obtain the extension to the period of redemption to be fixed by the trial court lapsed upon their failure to follow up the decision of the Appellate Court, as provided by the statute.

In the meantime, after it appeared that appellants were not going to be able to obtain necessary consents to their proposal of composition under section 75, the District Court, on September 30, 1935, entered a rule to show cause why appellants should not either amend their petition to include

a prayer for adjudication under subsection s, or have their petition dismissed. In response, appellants amended their petition to ask again for an opportunity to effect a composition with their creditors. After a reference and a rereference of this petition, with a hearing set for March 7, 1936, which was never had (without objection from appellants), nothing further was done in the proceeding until January, 1939, when appellees filed their petition asking for a report of the Conciliator on the proceeding, and that thereafter they be allowed to obtain possession of the real estate, or in the alternative, that the court determine the amount due under the foreclosure decree and fix a reasonable time for appellants to pay that amount, or, upon their failure to do so, they be ordered to surrender possession of the real estate. Upon hearing, March 11, 1939, the court continued the petition for 120 days, directing the debtors to redeem the property within that time for an amount agreed upon by the parties, or complete their rehabilitation within the terms of the Act. The court fixed the time of 120 days because that corresponded to the time it would take to effect a sale if one were necessary, plus the 90 days permitted by the farmer-debtor statute for redemption. Appellants were, however, ordered to pay a reasonable rental for the preceding and ensuing seasons, to be credited upon the total amount of the mortgage indebtedness. The court stated in its order that if the rehabilitation were not completed within the 120 days, it would give full force and effect to the deed then held by appellees.

January 12, 1940, upon a showing that appellants had neither redeemed nor rehabilitated, the court ordered them to surrender possession of the premises on or before March 2, or pay into court the $5,560 for appellees. This extended time was allowed on the promise of appellants that they would voluntarily surrender possession if they were permitted to remain until March 1. However, instead of surrendering possession March 1, on March 2, appellants filed an amended petition seeking adjudication under section 75(s) and further relief under the provisions of that statute. It was in response to this petition that the court entered the order now appealed from, dismissing the proceedings and directing surrender of possession of the real estate to appellees.

We are in complete accord with the decision of the District Court that he was without right or power to deprive appellees of their rights any longer. Subsection s provides that any farmer failing to obtain the acceptance of a majority of his creditors may amend his petition or answer asking to be adjudged a bankrupt. No time is specified within which such application is to be made, but we have construed the statute to provide that a reasonable time is to be allowed to enable the debtor to effect a composition with his creditors, or, failing that, to apply to the court for adjudication in bankruptcy. In re Price, 7 Cir., 99 F.2d 691; In re Pate, 7 Cir., 99 F. 2d 694. See also Buttars v. Utah Corp., 10 Cir., 116 F.2d 622. We are convinced that the privileges conferred upon the debtor by this remedial statute impose upon him a corresponding duty to move expeditiously in order to avail himself of its benefits. Certainly it cannot be construed to permit him to allow his proceeding to lie dormant for years, and then, after expressly promising to surrender possession of the premises involved if he does not pay up within a specified time, invoke its benefits. We conclude that appellants who have heretofore had all the benefits to which they could possibly have been entitled under the provisions of section 75(s) without filing formal application for such benefits, are not now entitled to obtain a repetition of those same benefits by filing their petition for adjudication in bankruptcy.

Decree affirmed.