WRIGHT ET AL. *v*. LOGAN ET AL.

No. 229.   Argued January 9, 1942.—Decided February 2, 1942.

*Mr. Elmer McClain,* with whom *Mr. William Lemke* was on the brief, for petitioners.

*Mr. Harold F. Lindley,* with whom *Mr. Paul F. Jones* was on the brief, for respondents.

MR. JUSTICE BLACK delivered the opinion of the Court.

The petitioners are Illinois farmers.   Pursuant to a state court foreclosure decree, forty acres of their farm land were sold to W. S. Logan, the mortgagee.   The state court master executed and delivered to Logan a certificate of sale, but a deed was not given at that time.   By Illinois statute, mortgagors are given the right to redeem for

twelve months after the date of foreclosure sale; and if this right is not exercised, creditors are given a similar right for an additional three months thereafter. Ill. Rev. Stat. (1941) c. 77, §§ 18, 20. On May 3, 1934, a day before the expiration of fifteen months from the sale, the petitioners filed in Federal District Court a petition for extension of time in which to pay their debts, under § 74 of the Bankruptcy Act. 11 U. S. C. § 202. Prior to that time there had been an oral agreement which the Appellate Court of the Third District of Illinois subsequently (January 15, 1937) held to have the effect of keeping the petitioners' right of redemption alive. 288 Ill. App. 481, 6 N. E. 2d 265. The forty acres were included in the petitioners' schedule of assets submitted in the § 74 proceedings, and Logan was listed as a creditor. The District Court refused to grant the proposed extension, and the Circuit Court of Appeals affirmed. 75 F. 2d 687.

Thereafter, April 5, 1935, the petitioners filed an amendment seeking composition or extension of their indebtedness as authorized by sub-paragraphs (a) to (r) of § 75 of the Bankruptcy Act. 11 U. S. C. § 203. Finding that the petition was filed in good faith and was in accordance with the requirements of the Act, the judge referred the matter to a conciliation commissioner. Subsequent efforts to effect a composition or extension having failed, on March 2, 1940, the petitioners filed an amendment alleging this failure and asking that the court adjudicate them bankrupt under 75 (s), which provides: "Any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition or extension proposal . . . may amend his petition or answer asking to be adjudged a bankrupt."

Although the petitioners' allegations brought them squarely within the language of 75 (s), the District Court ordered that the amended petition be denied; that the proceedings be dismissed; that the mortgagee's successors in

interest[1] be permitted to exercise rights as owners under the foreclosure; that the deed issued to the mortgagee by the state master in chancery after the bankruptcy proceedings had begun be given full force and effect; and that possession of the forty acres be surrendered to the respondents. The Circuit Court of Appeals affirmed, 119 F. 2d 354, holding that 75 imposes upon farmer debtors duties corresponding to the privileges conferred; that if a farmer debtor fails to prosecute his composition proceedings to a conclusion within a reasonable time, the court can deny him the privilege of adjudication under 75 (s); and that, although these farmer debtors had filed under other subsections of 75, they had already enjoyed all the benefits to which they would have been entitled under 75 (s), and therefore were not entitled to obtain a repetition of those benefits by what the court thought was a mere formal change in their petition. Because of an asserted conflict with *Cohan* v. *Elder*, 118 F. 2d 850, and because of the importance of the issue in farmer debtor cases, we granted certiorari.

Section 75 (s) does not by its language condition a farmer's right to adjudication upon the diligence with which he has sought to obtain composition or extension under subsections (a) to (r). It "applies explicitly to a case of a farmer who has failed to obtain the acceptance or a majority in number and amount of all creditors whose claims are affected by a proposal for a composition of an extension of time to pay his debts." *John Hancock Ins. Co.* v. *Bartels*, 308 U. S. 180, 184. That was the situation of the farmers here. And "the Act must be liberally construed to give the debtor the full measure of the relief afforded by Congress . . . lest its benefits be frittered away by narrow formalistic interpretations which disregard the spirit and the letter of the Act." *Wright* v. *Union*

[1] W. S. Logan, the original mortgagee, died while the proceedings were pending. The respondents here are devisees under his will.

*Central Ins. Co.,* 311 U. S. 273, 279. Farmers cannot be deprived of the benefits of the Act because a court may believe that they have received the equivalent of what it prescribes. Cf. *Borchard* v. *California Bank,* 310 U. S. 311. We think the *Bartels, Wright,* and *Borchard* cases control our conclusion here, and that the court below was in error in dismissing the applications for adjudication under 75 (s).

In the memorandum accompanying the District Court's order directing the petitioners to surrender possession of the disputed forty acres, there is no discussion of their right to redeem. We therefore treat the order as based on the holding that the petitioners' lack of diligence deprived them of the benefits of 75 (s) and that the equivalent of the benefits of 75 (s) had already been conferred anyway. Because we consider such a holding erroneous, we find it unnecessary to pass upon other questions discussed by the Circuit Court of Appeals, concerning survival of the petitioners' right to redeem. It is nevertheless appropriate to point out at this time that whatever right of redemption the petitioners had when they first applied for adjudication under 75 continued to be a part of their assets, subject to administration by the bankruptcy court. For 75 (n) subjects all of the farmer debtor's assets, specifically including rights of redemption, to the jurisdiction of the bankruptcy court, and provides that "the period of redemption shall be extended . . . for the period necessary for the purpose of carrying out the provisions of this section." 11 U. S. C. (Supp. II) § 203 (amendment of August 28, 1935, 49 Stat. 942). See *Wright* v. *Union Central Ins. Co.,* 304 U. S. 502, 513–516.

The judgment is reversed and the cause remanded to the District Court for proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE ROBERTS took no part in the consideration or decision of this case.