**In re MATVAY et al.**

No. 20448.

District Court, D. Connecticut.

May 4, 1943.

Charles Stroh, of Hartford, Conn., for petitioners.

Israel Libby, of Hartford, Conn., opposing.

SMITH, District Judge.

The debtors in this case filed a petition on January 22, 1941, for composition or extension of time to pay debts under Section 75 of the Bankruptcy Act, 11 U.S.C. A. § 203. The petition was on that date approved as properly filed and referred to Guthrie, Conciliation Commissioner. The Conciliation Commissioner on June 11, 1941, reported that the first meeting of creditors was held February 10, 1941, at which time a period of three weeks was limited from said date for the submission to creditors of a proposal for extension or composition or both. The report of the Conciliation Commissioner further shows that prior to the date of the report, June 11, 1941, no application for confirmation of a proposal for extension or composition had been made by the debtors, and no extension of time had been granted.

Thereupon, on the 25th of June, 1941, this motion to dismiss the proceedings was filed on behalf of secured creditors Winter, and Radom and Temkin. Thereupon, a motion to be adjudged bankrupts under Section 75, sub. s was filed on behalf of the debtors on the 3rd day of July, 1941.

The moving creditors contend that more than three months having elapsed after the date of the first meeting, and no extension of time having been granted, a mo-

tion to dismiss must prevail under General Order 50, Section 4, 11 U.S.C.A. following Section 53. They rely in part on the decision of the Circuit Court of Appeals for the 7th Circuit in Re Wright, 1941, 119 F.2d 354, to support their contention that § 75, sub. s may not be invoked if a reasonable time has been allowed to run after a composition or extension is sought before invoking 75, sub. s. This case, however, was reversed by the Supreme Court Wright v. Logan, 1942, 315 U.S. 139, 62 S. Ct. 508, 86 L.Ed. 745. Although dismissal may be required if a debtor allows more than three months to elapse without obtaining an extension of time under General Order 50 when the relief sought is that of Section 75, subs. a to r, 11 U.S.C. A. § 203, subs. a to r, he still has the right to proceed under Section 75, sub. s, so long as any right of redemption or other property subject to administration in bankruptcy remains to him, although as indicated above, he may, because of lack of diligence, have lost the benefits of 75, subs. a to r.

The motion to dismiss is denied. The motion on the part of the debtors to be adjudged bankrupts under Section 75 is granted. Debtors are adjudged bankrupt, and the cause is hereby referred to Frank Covello, Conciliation Commissioner, as referee, for further proceedings under the Act.