## BARLOW v. FEDERAL LAND BANK OF BERKELEY.

### No. 2702.

Circuit Court of Appeals, Tenth Circuit.

Nov. 29, 1943.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellant.

Richard W. Young, of Berkeley, Cal. (Richards & Mitchell, of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

The appellant, Fielding B. Barlow, filed a proceeding for composition of his debts under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. He failed to reach a composition with his creditors and filed an amended petition under Subsection (s) of the Act. His property was appraised and the rental value thereof was fixed. Appellee, Federal Land Bank of Berkeley, held two separate mortgages against appellant's real estate. Upon the failure of the appellant to pay the specified rental, a trustee in bankruptcy was appointed. Meanwhile, appellant had filed an application for a reappraisal of the property.

The court entered an order that the property be reappraised and decreed that the bankrupt select one appraiser, the creditor another, and that these two should select the third. This was done, and the three so selected were appointed by the Conciliation Commissioner. The court further directed that appellant be given forty days following the filing of the appraisers' report within which to redeem. Appellant selected John O. Garfield, appellee selected John P. Holmgren, and these two selected John T. Anderson. After these men were appointed and had made and filed their appraisal, an objection was made as to the qualification of John T. Anderson for the reason that he was a borrower from the appellee corporation. The court ordered a reappraisal of the property and directed that a new appraiser be appointed in the place of Anderson. On July 31, 1942, a majority and a minority appraisal report were filed in the office of the clerk of the court. The majority report was signed by Bert Firth and Moroni Lundberg, and the minority report by John O. Garfield. On October 1, 1942, the oath of the appraisers was filed, showing that they took their oath on June 16, 1942. The report was not approved by either the Commissioner or the court.

No further steps were taken in the proceedings until October 30, 1942, when appellant filed a petition in which he prayed that the report of the appraisers be reviewed and if found to be incorrect that it be set aside and that the court find the true value of the property. The court entered an order finding that the petition to review was not filed until after the expiration of

the time fixed for redemption and that there was no equity in the property, and entered an order denying the petition for a reappraisal of the property by the court, and ordered the property abandoned to appellee. It is from this order that this appeal has been taken.

A number of assignments of error are urged for reversal. A number of these can be considered together. It is urged that it was error for the court to hold (1) that the appraisal of June 31, 1942, constituted a complete appraisal, (2) that the time for redemption had expired September 10, 1942, and (3) that the petition to review the appraisal was filed after the time for redemption had expired.

■ All of these assignments of error are predicated upon the appraisal of July 31, 1942. As has been stated, the original appraisers appointed by the Conciliation Commissioner were John O. Garfield, John P. Holmgren and John T. Anderson. Anderson was subsequently excused and the court ordered that a new appraiser be appointed in his place. When the appraisers' report was filed, the majority report was signed by Bert Firth and Moroni Lundberg, and a minority report by John O. Garfield. From this, it appears that somewhere along the line, John P. Holmgren also dropped from the scene. The letter by which the Conciliation Commissioner transmitted the report of the appraisers of July 31, 1942, states that "I am sending the return of three appraisers who were duly appointed by me to appraise the property of Fielding Barlow of Tremonton, Utah, * * *." Furthermore, the record shows that the appraisers took the oath before they made the appraisal of the property, and their return recites that they were "appointed to estimate and appraise" the property of the debtor. We think the record sufficiently shows that the three appraisers who signed the majority and minority reports were duly appointed by the Conciliation Commissioner to make the appraisal, took the oath and made their appraisal.

■ It is to be further noted that appellant at no time in the court below challenged the appointment of the appraisers or their right to make the report. He raises this question for the first time on appeal to this court. So, even if there was irregularity in the appointment of the appraisers— and we find none—he could not for the first time raise that question on appeal to this court. This has been said so many times that we feel it unnecessary to cite authorities in support of it.

■ It is further claimed that the appellant had the right to have the court determine the fair value of the property, notwithstanding the reappraisal. Our decision in Nalder v. Federal Land Bank of Berkeley, 10 Cir., 131 F.2d 74, is cited in support of this point. We did say in that case that any party has a right to challenge a reappraisal. But whether a reappraisal can be challenged depends upon the facts in each case. In the Nalder case the reappraisal was admittedly improper, and we upheld the right of the creditor to challenge it, and the action of the court in setting it aside. But here the situation is entirely different. Three appraisers were appointed to appraise the property. After they had done so, objection was made as to the qualifications of one of them. The court ordered a new appraiser appointed in his place, and a new appraisal made. Forty days after the filing of the appraisers' report was fixed as the time within which the property might be redeemed. For some reason, two new appraisers were appointed. They all three took the oath of office and made their appraisal resulting in a majority and a minority report. These appraisals were filed in court July 31, 1942. Appellant had forty days to redeem at the appraised value. But he did nothing. He sat by for ninety days and did nothing. Then he came into court and asked the court to review the appraisal and if found to be incorrect that the court fix the true value of the property. There is even no charge that the appraisal was fundamentally erroneous. The most serious charge was that no hearing was had on the appraisers' report and that he had no opportunity to object to it. He had an opportunity to object when the report was lodged in court. He failed to make any objection during the forty-day period fixed for redemption, and for fifty days thereafter. Such dilatory tactics and delay may not be condoned.

The judgment is affirmed.