## BARLOW v. FEDERAL LAND BANK OF BERKELEY.

### No. 3285.

Circuit Court of Appeals, Tenth Circuit.

July 3, 1946.

J. D. Skeen, of Salt Lake City, for appellant.

Richard W. Young, of Berkeley, Cal. (Richards & Mitchell, of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Fielding B. Barlow filed this his second petition for composition of his debts under Section 75, subs. a–r, of the Bankruptcy Act, 11 U.S.C.A. § 203, subs. a–r, listing as before, certain real estate as an asset and the Federal Land Bank of Berkeley as a creditor. On motion of the creditor the trial court ordered the listed property stricken from the bankruptcy schedule, and this appeal followed.

The trial court's judgment is based upon the following undisputed facts. In April 1938, appellant filed a petition for composition of his debts under Section 75, subs. a–r, of the Bankruptcy Act, listing in his schedule of assets the same property involved here. Failing to secure a composition of his debts he filed an amended petition in March, 1939, under 75, sub. s, and was adjudged a bankrupt. Thereafter the property was appraised and an order entered retaining the bankrupt in possession, fixing a reasonable rental and staying all proceedings for three years. After the expiration of the three year statutory stay, and in June 1942, the court upon petition of the bankrupt ordered a reappraisal of the property and fixed September 10, 1942 as a reasonable time for redemption under 75, sub. s(3). The bankrupt failed to redeem within the time fixed, but on October 30, 1942, filed a petition in which he prayed that the report of the appraisers be reviewed. On December 2, 1942, the court entered an order approving the reappraisement and found that the time within which the bankrupt was allowed to redeem, September 10, 1942, had expired and that since no redemption had been made or attempted, and since according to the report of the Trustee there was no equity or value in the property scheduled over and above the mortgaged indebtedness, the property was abandoned to the Federal Land Bank, as the mortgagee, and jurisdiction of the court was "relinquished and terminated". On appeal to this court we affirmed. Barlow v. Federal Land Bank of Berkeley, 10 Cir., 139 F.2d 96. Thereafter the Federal Land Bank foreclosed its mortgage in the state court, and on May 9, 1945, the property was regularly sold at foreclosure sale to the Federal Land Bank for the amount of its indebtedness without deficiency, subject to the six months statutory right of redemp-

362

tion granted by state law. Section 104—37—31 of the Utah Code.

In this proceedings the bankrupt has listed this statutory right of redemption as a proper subject matter of adjudication under Section 75, contending that since the right of redemption came into existence after the former adjudication and upon the sale of the property by mortgage foreclosure and is an interest capable of administration under Section 75, he is entitled upon petition to have this interest dealt with in accordance with the statute.

It is true that Section 75, sub. n, of the Bankruptcy Act confers jurisdiction of the bankruptcy court over the debtor's right or equity of redemption in the property where the statutory period of redemption has not expired when the jurisdiction of the court is invoked. Wragg v. Federal Land Bank, 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. 300; State Bank of Hardinsburg v. Brown, 317 U.S. 135, 63 S.Ct. 128, 87 L.Ed. 140; Wright v. Logan, 315 U.S. 139, 62 S.Ct. 508, 86 L.Ed. 745; Layton v. Thayne, 10 Cir., 133 F.2d 287. But, the Bankruptcy Act does not recognize the right or equity of redemption as an interest separate and apart from the property to which it belongs, nor does it provide that such interest shall be the subject matter of adjudication after all the benefits afforded by the Act have been fully exhausted in respect to the property from which only the right of redemption remains.

"The Act must be liberally construed to give the debtor the full measure of the relief afforded by Congress * * *." Wright v. Union Central Life Ins. Co., 311 U.S. 273, 279, 61 S.Ct. 196, 200, 85 L.Ed. 184. But, the full measure of relief afforded by the Act does not entitle a farmer-debtor to twice adjudicate the same obligations on the same property. That is exactly what appellant seeks to do in this case. His right of redemption, which he seeks to adjudicate is but the residuum of that over which he has already been afforded the full measure of relief contemplated by the Act, and the law in all of its beneficence does not twice grant relief on the same subject matter.

The judgment is affirmed.